IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEAN FUELS ALLIANCE AMERICA,<br>1331 Pennsylvania Ave, NW<br>Washington, DC 20004<br><br>and<br><br>GROWTH ENERGY,<br>1401 Eye Street NW, Suite 1220<br>Washington, DC 20005<br><br>      Plaintiffs<br><br>    v.<br><br>LEE M. ZELDIN, in his official capacity as Administrator,<br>U.S. Environmental Protection Agency,<br>1200 Pennsylvania Avenue NW<br>Washington, DC 20460<br><br>and<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br>1200 Pennsylvania Avenue NW<br>Washington, DC 20460<br><br>      Defendants. | Civil Action No.1:25-cv-3785 |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiffs Clean Fuels Alliance America ("Clean Fuels") and Growth Energy bring this action to compel Defendants, the U.S. Environmental Protection Agency and the Honorable Lee M. Zeldin, in his official capacity as Administrator of the U.S. Environmental Protection Agency (collectively "EPA"), to promulgate a final rule establishing Renewable Fuel Standard ("RFS") standards for the 2026 compliance year. Continuing its multi-year trend of disregarding statutory

1

deadlines under the RFS program, EPA has ignored the nondiscretionary duty established by Clean Air Act ("CAA") Section 211(*o*)(2)(B)(ii), 42 U.S.C. § 7545(*o*)(2)(B)(ii), to promulgate that rule "no later than 14 months before" 2026, as EPA has admitted.  While EPA proposed 2026 RFS standards on June 17, 2025 (about 8 months after the deadline for finalizing the rule), it has yet to promulgate the final 2026 RFS standards or even to commit to a deadline for doing so.  Ensuring that the 2026 RFS standards are finalized before the end of 2025 is critical to renewable-fuel producers, because the demand for renewable fuels will be significantly reduced if there are no 2026 standards in place during 2026.  Therefore, Plaintiffs seek an injunction requiring EPA to promulgate the RFS standards for 2026 prior to January 1, 2026.

This complaint is based on letters notifying EPA of Plaintiffs' intent to sue submitted to EPA on February 28, 2025, and March 11, 2025. More than the sixty days required by the CAA have passed since those letters were submitted.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604(a)(2), which authorizes citizen suits concerning EPA's failure to perform a nondiscretionary act or duty under the CAA. Section 7604(a) grants this Court jurisdiction to order EPA to perform such duty. In addition, this Court has jurisdiction over this action and over the parties pursuant to 28 U.S.C. §§ 1331 and 1361 and 5 U.S.C. §§ 702 and 706. The relief requested is authorized under 42 U.S.C. § 7604, 5 U.S.C. § 706, and 28 U.S.C. §§ 2201, 2202, and 1361.

2. Venue in this Court is proper under 28 U.S.C. § 1391(e)(1) because Defendants reside in the District of Columbia and a substantial part, if not all, of the events or omissions giving rise to the claims asserted herein arose in this District.

**PARTIES**

3. Plaintiffs are national renewable-fuel trade associations whose members participate in the RFS program and are impacted by EPA's RFS actions. Plaintiffs both routinely comment on EPA rulemaking proposals to implement the RFS program and have participated in litigation involving nearly all of EPA's RFS regulations since the program's inception.

4. Plaintiff Clean Fuels represents America's first advanced biofuels, biodiesel and renewable diesel (collectively, "biomass-based diesel" or "BBD"), which are made from an increasingly diverse array of feedstocks including soybean oil, canola oil, distiller's corn oil, waste cooking oil, and animal fats. Clean Fuels is comprised of biodiesel producers, feedstock and feedstock processor organizations, fuel marketers and distributors, and technology providers. Clean Fuels members collectively produce more than 60 percent of the biomass-based diesel in the United States.

5. Plaintiff Growth Energy represents producers and supporters of conventional and cellulosic (advanced) ethanol who are working to bring consumers better choices at the fuel pump, grow America's economy, and improve the environment for future generations. Growth Energy's membership represents nearly half of all American ethanol plants, many of the largest and most prominent fuel retailers in the country, and leading businesses that support the ethanol industry. Its members produce about 60% of the ethanol used to meet the RFS annually and about 55% of the renewable fuel used to meet the RFS's implied conventional requirement annually (i.e., the difference between the "total" RFS standard and the "advanced" RFS standard).

6. Each Plaintiff is a "person" as defined in the CAA.

7.  Defendant Lee M. Zeldin is the Administrator of the EPA. The Administrator is charged with implementing and enforcing the CAA, including the CAA's nondiscretionary duty to timely determine and promulgate renewable fuel obligations on an annual basis.

8.  Defendant EPA is an executive agency of the federal government charged with implementing the CAA's RFS program.

## STATUTORY AND REGULATORY BACKGROUND

9.  In the Energy Policy Act of 2005, Pub. L. No. 109-58, 119 Stat. 594, Congress amended the CAA to establish the RFS program to increase the amount of renewable fuels used in gasoline and diesel fuel in the United States. Congress expanded that program in 2007 with the Energy Independence and Security Act of 2007, Pub. L. No. 110-140, 121 Stat. 142. Congress's purpose in creating the RFS program was "to force the market to create ways to produce and use greater and greater volumes of renewable fuel each year." *Americans for Clean Energy v. EPA*, 864 F.3d 691, 710 (D.C. Cir. 2017).

10. The CAA creates four different categories of renewable fuel: total renewable fuel, advanced biofuel, BBD, and cellulosic biofuel. These categories are "nested": BBD and cellulosic biofuel are types of advanced biofuel, and advanced biofuel is a type of renewable fuel. The CAA provides that there shall be a national minimum, or "applicable," annual volume requirement for each of the four categories of renewable fuel. The applicable volumes specify the amount of each category of renewable fuel that must be introduced into commerce in the covered year. The CAA expressly states the applicable volumes for total renewable fuel, advanced biofuel, and cellulosic biofuel for each year through 2022, and the applicable volumes for BBD for each year through 2012. 42 U.S.C. § 7545(*o*)(2)(B)(i).

11. For each year that the CAA specifies the applicable volume, EPA was required to "determine and publish" a percentage standard for each category of renewable fuel "[n]ot later than November 30" of the preceding compliance year. *Id.* § 7545(*o*)(3)(B)(i). The percentage standard (roughly) expresses the applicable volume divided by the total national volume of gasoline and diesel fuel that EPA projects will be used in the relevant year. *Id.* § 7545(*o*)(2)(B)(ii).

12. For all calendar years after the statutory table of applicable volumes has expired, "the applicable volumes of each [of the four categories of renewable] fuel … shall be determined by the [EPA] Administrator … based on a review of the implementation of the program during [the prior] years …, and an analysis of" various statutorily specified factors. 42 U.S.C. § 7545(*o*)(2)(B)(ii).

13. "The Administrator shall promulgate rules establishing the applicable volumes [for those years] no later than 14 months before the first year for which such applicable volume will apply." 42 U.S.C. § 7545(*o*)(2)(B)(ii).

14. Petroleum refiners and importers are the "obligated parties" under the RFS program. They are required to ensure that the RFS requirements are met annually. The percentage standards inform each obligated party of how much of each category of renewable fuel it must introduce into U.S. commerce based on the volumes of petroleum fuel it imports or produces. In other words, EPA estimates what percentage of the overall fuel supply each renewable-fuel category should constitute and then requires each obligated party to replicate those percentages on an individual basis.

15. Obligated parties may comply with their RFS obligations by blending renewable fuel with their petroleum at the specified percentage standard level, or by purchasing credits—called "RINs"—from others that have blended excess renewable fuel.

16. The deadline Congress set for EPA to establish the RFS standards is intended to inform obligated parties and renewable fuel producers, prior to the relevant compliance year, of the upcoming RFS obligations so they can plan accordingly.

## FACTUAL BACKGROUND

17. EPA has repeatedly failed to meet its statutory deadline for promulgating annual RFS standards. For example:

- EPA did not promulgate the final 2010 RFS standards until February 3, 2010, over three months late and one month into the compliance year. *See 2010 Regulations*, 75 Fed. Reg. 14,670.

- EPA did not promulgate the final 2012 RFS standards until December 22, 2011, more than three weeks late. *See 2012 Standards for the Renewable Fuel Standard Program: Final Rulemaking*, 77 Fed. Reg. 1,320 (Jan. 9, 2012).

- EPA did not promulgate the final 2013 RFS standards until August 6, 2013, 247 days late and nearly two-thirds of the way through the compliance year. *See Regulation of Fuels and Fuel Additives: 2013 Renewable Fuel Standards*, 78 Fed. Reg. 49,794 (Aug. 15, 2013).

- EPA did not promulgate the final 2014 RFS standards until November 30, 2015, two years late and fully past the compliance year. *See Final Renewable Fuel Standards for 2014, 2015 and 2016, and the Biomass-Based Diesel Volume for 2017*, 80 Fed. Reg. 77,420 (Dec. 14, 2015).

- EPA did not promulgate the final 2015 RFS standards until November 30, 2015, a year late and with only one month of the compliance year remaining. *See id.*

- EPA did not promulgate the final 2021 RFS standards until July 1, 2022, about 18 months late and beyond the compliance year. *Renewable Fuel Standard (RFS) Program: RFS Annual Rules*, 87 Fed. Reg. 39,600 (July 1, 2022).

- EPA promulgated the final 2022 RFS standards at the same time as the 2021 standards, making the 2022 standards 7 months late and halfway through the compliance year. *See id.*

- Most recently, EPA was late promulgating a rule setting the standards for 2023. Plaintiff Growth Energy filed a deadline suit pursuant to 42 U.S.C. § 7604 in that case and, after negotiations by the parties resulted in a consent decree setting out a timeline for finalizing the rule, EPA ultimately promulgated the 2023 standards on July 12, 2023. Under 42 U.S.C. § 7545(*o*)(2)(B)(ii), EPA was required to establish the 2023 RFS standards by November 30, 2021, meaning EPA promulgated those standards over 20 months late and halfway through the compliance year. *Renewable Fuel Standard (RFS) Program: Standards for 2023-2025 and Other Changes*, 88 Fed. Reg. 44,468 (July 12, 2023).

- EPA set the RFS standards for 2024 (and 2025) at the same time as the 2023 standards, making the 2024 standards 8 months late. *See id.*

18. EPA was obligated to promulgate the RFS standards for 2026 no later than October 31, 2024—fourteen months before the start of 2026. 42 U.S.C. § 7545(*o*)(2)(B)(ii).

19. On July 13, 2025, EPA published a proposed rule to set the 2026 standards. 90 Fed. Reg. 25784. And on September 18, 2025, EPA published a supplemental notice proposing

7

to reallocate the obligations covered by certain small-refinery exemptions ("SREs") granted for 2023-2025 by adjusting the proposed percentage standards. 90 Fed. Reg. 45007. But EPA has not issued final 2026 standards, nearly one year after the statutory deadline and with barely two months before the 2026 compliance year begins.

20. EPA has thus failed to meet the statutory deadline for promulgating the 2026 RFS standards. EPA has conceded as much. *See Clean Fuels Alliance America v. Zeldin*, No. 1:24-cv-03572, ECF #10-1 (Feb. 24, 2025) (admitting "EPA ultimately missed the November 1, 2024, deadline"); *id.*, ECF #13 (Mar. 24, 2025) ("even though the statutory deadline did not pass until November 202[4]").

21. EPA's failure violates the clear, mandatory duty to promulgate the 2025 RFS standards by the deadline imposed on EPA by 42 U.S.C. § 7545(*o*) and harms Plaintiffs' members and the nation, as described below.

## INJURIES RESULTING FROM EPA'S FAILURE TO ACT

22. Plaintiffs' members are biofuels producers whose renewable-fuel products are purchased by obligated parties and blended with petroleum fuels to comply annually with the obligated parties' annual RFS obligations. The RFS standards directly dictate national the level of demand and use for the renewable fuels—including ethanol, BBD, and cellulosic biofuels—that are produced by Plaintiffs' members.

23. Plaintiffs' members will likely suffer economic injury due to EPA's failure to timely promulgate the final RFS standards for 2026. When EPA fails to meet its statutory deadlines, it often retroactively sets standards for the missed periods based on the actual levels of renewable fuel use that occurred in the absence of the RFS's market-forcing standards. If EPA were to do the same for 2026, that would cause direct monetary harm to Plaintiffs' members by

lowering the ultimate demand for the renewable fuels they produce in comparison to what would have been demanded had the RFS's standards been timely adopted to fulfill their core purpose of spurring increased renewable fuel use.

24. The later EPA finalizes the 2026 RFS standards, the more likely EPA is to set lower RFS standards than it would have if it had finalized them on time.

25. Moreover, because EPA has co-proposed to reallocate different percentages of the obligations associated with the 2023-2025 SREs it has granted, renewable-fuel producers and obligated parties may not have the market certainty needed to properly plan their investments, production, and use of renewable fuel to meet the proposed 2026 standards, further increasing the likelihood that EPA's delay in finalizing the 2026 RFS standards will depress renewable-fuel usage, to plaintiffs' members' detriment.

26. Lost renewable-fuel sales are irreparable economic injuries to Plaintiffs. Plaintiffs cannot obtain compensatory damages from EPA for its unlawful actions.

27. Any demand reduction caused by EPA's delays in establishing the 2026 RFS standards could have ripple effects by reducing future RFS standards, too. That is because EPA routinely considers prior years' usage levels when establishing future years' RFS standards.

## **NOTICE**

28. Sixty days prior to bringing an action "where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator," 42 U.S.C. § 7604(a)(2), the plaintiff must give notice to the Administrator, *id.* at § 7604(b)(2).

29. On July 17, 2024, Clean Fuels and Growth Energy submitted letters to Defendants notifying Defendants of their intent to sue pursuant to Section 304(b)(2) of the CAA, 42 U.S.C.

§ 7604(b)(2), and 40 C.F.R. part 54 to enforce EPA's nondiscretionary duty to promulgate the 2026 RFS standards no later than fourteen months before the start of 2026.

30. On December 20, 2024—more than sixty days after their notice letters and 50 days after the statutory deadline had passed—Plaintiffs filed a lawsuit seeking to compel EPA to promulgate the 2026 RFS standards. Compl., *Fuels*, ECF #1 (Sept. 19, 2025). EPA moved to dismiss on the grounds that Plaintiffs' notices were premature because they were submitted before the statutory deadline. In their opposition, Plaintiffs rebutted EPA's argument. The motion remains pending.

31. Meanwhile, on February 28 and March 11, 2025—long after the statutory deadline to promulgate the 2026 RFS standards had passed—Clean Fuels and Growth Energy submitted additional letters to Defendants notifying Defendants of their intent to sue pursuant to Section 304(b)(2) of the CAA, 42 U.S.C. § 7604(b)(2), and 40 C.F.R. part 54 to enforce EPA's nondiscretionary duty to promulgate the 2026 RFS standards no later than fourteen months before the start of 2026. (Exhibits A & B.)

32. More than sixty days have passed since Plaintiffs submitted those notice letters to Defendants.

## CLAIM FOR RELIEF

**Failure to Perform a Nondiscretionary Act or Duty to Promulgate
the 2026 RFS Standards and Unlawful Withholding of the 2026 RFS Standards**

33. CAA Section 211(*o*)(2)(B)(ii), 42 U.S.C. § 7545(*o*)(2)(B)(ii), requires EPA to "promulgate rules establishing the applicable volumes [for 2026] no later than 14 months before [that] year," i.e., no later than October 31, 2024.

34. EPA did not promulgate final RFS standards for 2026 by October 31, 2024—and still has not done so.

10

35. EPA's failure to promulgate the 2026 RFS standards in accordance with 42 U.S.C. § 7545(*o*)(2)(B)(ii) constitutes a failure "to perform any act or duty … which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).  It also constitutes "agency action unlawfully withheld." 5 U.S.C. § 706(1).

36. EPA's failure will likely harm Plaintiffs' members by impairing their ability to plan their production and by reducing the demand for their renewable-fuel products.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants have failed to perform a nondiscretionary act or duty under 42 U.S.C. § 7545(*o*)(2)(B)(ii) to promulgate the RFS standards for 2026;

B. Declare that Defendants have unlawfully withheld the RFS standards for 2026 in violation of 42 U.S.C. § 7545(*o*)(2)(B)(ii).

C. Order EPA to finalize the RFS standards for 2026 prior to January 1, 2026;

D. Retain jurisdiction to ensure compliance with the Court's order;

E. Award Plaintiffs the costs of its participation in this action, including reasonable attorneys' fees; and

F. Grant such other relief as the Court deems just and proper.


Respectfully submitted,

/s/ *Douglas A. Hastings*  
Douglas A. Hastings  
Bryan M. Killian  
MORGAN, LEWIS & BOCKIUS LLP  
1111 Pennsylvania Avenue NW  
Washington, DC 20004  
(202) 739-3000

/s/ *David M. Lehn*  
David M. Lehn  
BOIES SCHILLER FLEXNER LLP  
1401 New York Avenue NW  
Washington, DC 20005  
(202) 237-2727  
dlehn@bsfllp.com


| | |
|---|---|
| bryan.killian@morganlewis.com | *Counsel for Growth Energy* |
| *Counsel for Clean Fuels Alliance America* | |

October 27, 2025